IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

NICOLE ESTES and HOUSING OPPORTUNITIES
PROJECT FOR EXCELLENCE, INC.

  Plaintiff,
v.

TAPLIN FALLS LTD. d/b/a FALLS OF
PEMBROKE and LILIAN GIL

  Defendants,
_____/

## COMPLAINT

COMES NOW, Plaintiffs, NICOLE ESTES and HOUSING OPPORTUNITIES PROJECT FOR EXCELLENCE, INC., by and through his undersigned counsel, and sues the Defendants, TAPLIN FALLS LTD. d/b/a FALLS OF PEMBROKE and LILIAN GIL. and states as follows:

## JURISDICTIONAL ALLEGATIONS

1. The Court has original jurisdiction pursuant to 28 U.S.C. §1331, 42 U.S.C. §3613, because this lawsuit is brought under the Fair Housing Act, 42 U.S.C. §3601 et seq. and supplemental jurisdiction under 42 U.S.C. § 1367 under the Broward County Human Rights Act.

2. Venue is proper in the Southern District of Florida, under 28 U.S.C. §1391 (b) because the claim arose in this juridical district.

3. Plaintiff, NICOLE ESTES (hereinafter ESTES), is a resident of Broward County, Florida and is *sui juris*.

4. The Plaintiff, HOUSING OPPORTUNITIES PROJECT FOR EXCELLENCE, INC., is a private, Florida not-for-profit, 501 (c) 3 corporation established in 1988, one of three in

Florida dedicated to eliminating housing discrimination and promoting fair housing. HOPE employs a three-tiered system of private enforcement, education outreach and counseling to achieve its mission to affirmatively further fair housing. Its programs are designed to ensure that people are offered the right to select housing of their choice without discrimination based on source of income, race, religion, color, national origin, sex, disability, marital or familial status, or such other protected classes as may be conferred by federal, state or local laws. HOPE is the only private not-for-profit fair housing organization in Miami-Dade and Broward Counties engaged in testing for fair housing law violations and pursuing enforcement of meritorious claims.

5.      Throughout Miami-Dade and Broward Counties, HOPE engages in activities to identify barriers to fair housing practices, including practices that discriminate against persons because of disability and source of income. As part of its mission to uncover housing discrimination, HOPE expends its resources to train and deploy testers - individuals who, without an intent to rent or purchase a home or apartment, pose as a renter or purchaser for the purpose of collecting evidence of discriminatory housing practices.

6.      Defendant, TAPLIN FALLS LTD. d/b/a FALLS OF PEMBROKE (hereinafter "FALLS OF PEMBROKE"), is a Florida Limited Partnership, licensed to and doing business in Broward County, Florida.

7.      Defendant, LILIAN GILL is an employee and agent of TAPLIN FALLS LTD, directly and substantially involved in the discriminatory actions herein and is otherwise *sui juris*.

## GENERAL ALLEGATIONS

8. ESTES is a qualified person with a disability. ESTES is a victim of domestic violence which almost resulted in her death and left her permanently disabled with both physical and psychiatric injuries.

9. Nine years ago, ESTES was in a domestic relationship, when her partner threw a whole pot of scalding hot coffee straight off the burner at her face resulting in second- and third-degree burns. After a domestic violence restraining order was issued, the perpetrator went to ESTES residence and when she went by his car, he grabbed her arm and dragged her down the street at 30mph. Her skull and neck were fractured from the impact on the pavement. He then kidnapped ESTES and brought her to his basement and abused and sexually assaulted her until she almost bled to death. She escaped from the basement to a corner store where she passed out and was hospitalized.

10. As the perpetrator is no longer in jail in Kentucky, Ms. ESTES moved with her family from Kentucky to Broward County Florida, for a new start on life, away from the trauma that she had experienced, and the potential for additional trauma in Kentucky.

11. As a result of these permanent disabilities, ESTES was unable to work, was eligible and awarded $ 830.00 per month social security payments.

12. Ms. ESTES is a mother of two daughters, 14 years old and three years old, and currently lives with her children at a Motel 6. She is paying $ 630.00 per week to reside at the Motel 6.

13. Ms. ESTES also receives a Section 8 Housing Choice Voucher for a three-bedroom apartment that pays the market rate for available apartments.

14. ESTES was looking for a home for her and her family and on August 11, 2021, decided to apply to rent an apartment at the FALLS OF PEMBROKE, located at 13651 NW 4th Street Pembroke Pines, FL.

15. The monthly rent for a three-bedroom apartment was $ 3,300 per month, all of which would have been paid by the Section 8 Housing Choice Voucher.

16. ESTES was able to pay the application fee and applied for tenancy for the apartment.

17. ESTES was advised by an employee at FALLS OF PEMBEROKE that she was not qualified to rent the apartment because qualification requirements were three times the monthly rent, and as such, she would need to have an income of $ 9,900 per month, or 118,000 per year.

18. She cried to the employee of FALLS OF PEMBROKE that she was living out of a hotel and was legally disabled and could not work and satisfy the minimum income requirements, and that's why she has a Section 8 voucher and is provided Social Security.

19. On August 12th, ESTES returned to the FALLS OF PEMBROKE and brought her proof of her receipt of social security payments, and bank statements, and requested a reasonable accommodation to waive the income requirements based on her disability, and the fact that she has a Section 8 voucher that would pay the full amount.

20. After making the request, ESTES called and spoke with the Director of the FALLS OF PEMBROKE, LILLIAN GIL, and reasserted her request, and asked if Ms. GIL had received the documents.

21. Ms. GIL advised ESTES that she received the documents and was still waiting to hear back from her attorney on the matter and the pending application.

22. On August 13, ESTES wrote to GIL about the occurrence, and reasserted the events since she submitted her application on August 13th, and made a specific request for a reasonable accommodation because of her disability. She advised GIL and FALLS OF PEMBROKE that failing to accept her voucher or grant her a reasonable accommodation would be both in violation of the Fair Housing Act as well as the source of income prohibition in the Broward County Code.

23. Notwithstanding the request for reasonable accommodation, Ms. GILL sent ESTES an email on August 17, 2021, where she stated "I received an answer from the attorney yesterday. Unfortunately, I am not able to approve your application at the moment, you do not qualify income wise [sic]. Leasing criteria as far as financial qualifications have not changed."

24. Immediately, ESTES contacted the U.S. Department of Housing and Urban Development-funded Fair Housing Organization for Miami-Dade and Broward, Housing Opportunities Project for Excellence, Inc. (HOPE) and due to ESTES dire circumstances and need for a home, conducted an investigation into the FALLS OF PEMBROKE's discriminatory housing practices.

25. Because ESTES said that this had been a normal occurrence in her search for a home during this challenging time, HOPE engaged in a public service announcement campaign regarding source of income and disability discrimination to counteract the practices of FALLS OF PEMBROKE and others with similar practices.

26. As a result of the unlawful acts, Plaintiff HOPE began an investigation to determine whether the apartment was still available and whether FALLS OF PEMBROKE continued to fail to accept Section 8 housing choice vouchers and otherwise discriminated against persons with disabilities.

27. Plaintiff HOPE discovered that the three bedroom apartment was no longer available, but HOPE's testers discovered that FALLS OF PEMBROKE continued to apply the three times income qualification to persons who have a Section 8 Housing Choice voucher and collect social security disability payments.

28. Defendants' policy applying minimum income requirements to persons who receive section 8 housing vouchers is designed with the intent to discourage, deny and limit available housing based on source of income. HOPE and ESTES have been the object of unlawful housing practices the Broward County code and have suffered injury in precisely the form the code was intended to guard against.

29. The pattern and practice of discriminatory conduct, based on source of income, amongst Defendant's agents, was organized and Defendants discriminatory conduct resulted in people who use Section 8 Housing Vouchers having fewer housing choices in one of the least affordable housing markets in the United States. This housing practice has resulted in Ms. Estes and her family being homeless despite the ability to pay for housing.

30. Defendant's actions were in total and reckless disregard of Plaintiff's rights and indifference to the medical condition or needs of the Plaintiff.

31. As a result of Defendant's actions describe above, Plaintiff ESTES suffered and continues to suffer irreparable loss and injury including but not limited to homelessness, humiliation, embarrassment, emotional distress, and deprivation of his right to equal housing opportunities regardless of his disability.

32. ESTES suffered actual damages, including but not limited to, not being able to find adequate housing and continuing to reside in a residence out of necessity that is not equivalent to the residence offered by the Defendant.

33. HOPE's time and scarce resources have been severely diverted and its mission frustrated in order to address the allegations outlined in this complaint and has resulted in expenditures which should have been used to affirmatively further fair housing without the cost of litigation.

34. HOPE has been, and continues to be, adversely affected by the discriminatory acts, policies, and practices of the Defendants.

35. As a result of the acts and conduct of the defendants, HOPE has suffered and continues to suffer interference with its mission, diversion of its resources and obstruction of its purpose of ensuring equal housing opportunities throughout South Florida free from disability discrimination and source of income discrimination. HOPE has been, and continues to be adversely affected by the acts, policies, and practices of the Defendants and/or their agents.

36. Defendants' discriminatory actions have (1) interfered with the efforts and programs of HOPE which are intended to bring about equality of opportunity for all persons regardless of source of income; (2) forced HOPE to devote scarce resources to identify and counteract Defendants' unlawful housing practices and to otherwise divert those same resources from its education, counseling, and referral services; (3) interfered with the right of HOPE's constituents to enjoy the benefits of living in a community which does not discriminate against persons based on source of income; and, (4) frustrated HOPE's mission and purpose of promoting the equal availability of housing to all persons without regard to race, color, religion, gender, national origin, familial status, source of income or disability.

37. HOPE and ESTES have retained the Disability Independence Group, Inc. to represent them in this cause and has agreed to pay reasonable fees for their services.

**COUNT I - FAILURE TO PROVIDE REASONABLE ACCOMMODATIONS**

38. The Plaintiff, HOPE and ESTES, repeat and reallege the allegations contained in paragraphs 1 through 37 above as though fully set forth herein.

39. Discrimination is defined as the refusal to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford a person with a disability equal opportunity to use and enjoy a dwelling, including public or common use areas. 42 U.S.C. § 3604(f).

40. Due to her disability, ESTES requested a reasonable accommodation for FALLS OF PEMBROKE to consider her disability and receipt of both social security payments and her Section 8 Housing Choice Voucher to satisfy the income requirement standard of the housing qualifications.

41. Such request was necessary in that her disability made ESTES unable to work and earn three times the amount of the rent.

42. Further, such request for accommodation was reasonable in light of binding Eleventh Circuit caselaw in Schaw v. Habitat for Humanity of Citrus County, Inc., 938 F.3d 1259 (11th Cir. 2019).

43. As the director of a multi-million-dollar housing development, LILIAN GIL personally enforced the qualification standards, and personally denied the request for reasonable accommodations.

44. As the agent/employee of FALLS OF PEMBROKE, FALLS OF PEMBROKE is liable for all acts or omissions by GIL or any other employee or agent in the application of their policies and procedures to prospective tenants.

45. As a result of Defendants refusal to make the reasonable accommodation, ESTES was denied the equal opportunity to obtain a dwelling. Plaintiff suffered and continues to suffer

irreparable loss and injury including but not limited to homelessness, humiliation, embarrassment, emotional distress, and deprivation of his right to equal housing opportunities regardless of his disability. These losses are either permanent or continuing and Plaintiff will suffer these losses in the future.

46.    Plaintiff ESTES and her family are in need of housing and would like to have the opportunity to live in a home from FALLS OF PEMBROKE.

**WHEREFORE**, Plaintiff, Plaintiffs, NICOLE ESTES and HOUSING OPPORTUNITIES PROJECT FOR EXCELLENCE, INC, respectfully prays that this Court grants the following relief against Defendants, TAPLIN FALLS LTD. d/b/a FALLS OF PEMBROKE AND LILIAN GIL, including entering a declaratory judgment, pursuant to Rule 57 of the Federal Rules of Civil Procedure, stating that Defendants' practices, policies and procedures have subjected Plaintiffs to discrimination in violation of the Fair Housing Amendments Act and permanently enjoining the Defendants:

   a. That the Court declare that the actions of the Defendants violate the Federal Fair Housing Act by discriminating against persons based on disability;

   b. That the Court enjoin Defendants from discriminating against Plaintiff and providing her a three-bedroom apartment for her and her two children;

   c. That the Court award appropriate injunctive relief to disclose the names of those who did not rent at the subject property due to the discriminatory acts of Defendants and provide appropriate relief to such victims of discrimination;

   d. That the Court declare that the Defendants' acts were willful and wanton and in reckless disregard of the Plaintiff's civil rights under law;

    e. That the Court order Defendants to provide a notice to all current and prospective tenants of the subject property of their rights under the Fair Housing Act;

    f. That the Court require Defendants to train their officers and agents of their requirements under the Fair Housing Act.

    g. That the Court order that the Defendant instruct all of its employees, principals, agents, independent contractors and/or other persons who deal with the rental or management of any and all housing currently managed and/or controlled by Defendants or any parent or affiliated entity, of the terms of the Court's Order and the Fair Housing Act, and implementing regulations;

    h. Find that Plaintiff is entitled to an award of attorneys' fees and costs, and reserve ruling as to the amounts and the applicable multiplier until the conclusion of the trial on this matter;

    i. And grant any other such relief as this Court deems just and equitable

### COUNT II- DENYING OR MAKING A DWELLING UNAVAILABLE

47. The Plaintiff, HOPE and ESTES, repeat and reallege the allegations contained in paragraphs 1 through 37 above as though fully set forth herein.

48. Defendants had actual knowledge of ESTES disability and her need for an accommodation.

49. Notwithstanding ESTES ability to pay for her monthly rent, Defendants refused to rent to ESTES because of her receipt of social security disability due to her disability.

50. Defendants TAPLIN FALLS LTD. d/b/a FALLS OF PEMBROKE AND LILIAN GIL denied tenancy to Plaintiff ESTES motivated by and based on the disability of ESTES.

51.     Pursuant to 42 U.S.C. § 3604(f)(1), it is unlawful "to discriminate in the sale or rental, or to otherwise make unavailable or deny, a dwelling to any buyer or renter because of a handicap of (A) that buyer or renter, (B) a person residing in or intending to reside in that dwelling after it is so sold, rented, or made available; or (C) any person associated with that buyer or renter.

52.     Such failure to approve the lease and/or attempted eviction by Defendants were motivated by a discriminatory purpose and in total disregard of Plaintiffs' rights and indifferent to the disability and needs of Plaintiffs.

53.     Further, as a direct and proximate result of Defendants' discrimination, Plaintiffs have suffered irreparable loss and injury, including, but not limited to, homelessness actual damages, humiliation, emotional distress, and deprivation of the right to equal housing opportunities regardless of disability.

**WHEREFORE**, Plaintiffs NICOLE ESTES and HOUSING OPPORTUNITIES PROJECT FOR EXCELLENCE, INC, demands judgment against the Defendants, TAPLIN FALLS LTD. d/b/a FALLS OF PEMBROKE AND LILIAN GIL, to declare that the actions of the Defendants violated the Fair Housing Amendments Act by discriminating against persons with disabilities; and award Plaintiffs injunctive relief to prohibit such discriminatory actions, and extensive training on the requirements of the Fair Housing Act, as well as compensatory and punitive damages, and their attorneys' fees and costs, as well as any other such relief as this Court, deems just and equitable.

### COUNT III–VIOLATION OF BROWARD COUNTY HUMAN RIGHTS ACT, BROWARD COUNTY CODE SECTION 16 ½ -35

54.     The Plaintiff, HOPE and ESTES, repeat and reallege the allegations contained in paragraphs 1 through 37 above as though fully set forth herein.

55. The Broward County Human Rights Act makes it is unlawful for any person, including but not limited to any owner, lessee, lessor, sublessee, sublessor, assignee, assignor, manager, real estate broker, salesperson, condominium association, homeowners' association, cooperative association, or any representative of any of the foregoing: (a)To refuse to sell or rent after the making of a bona fide offer, to refuse to negotiate for the sale or rental of, or otherwise to make unavailable or deny, a dwelling to any person because of a discriminatory classification.

56. "Discriminatory classification" includes "lawful source of income" which is defined as "the origin or cause of a legal gain or recurrent benefit, often measured in money or currency, including, but not limited to, income derived from social security, supplemental security income, child support, alimony, veteran's benefits, disability benefits, unemployment, pension and retirement benefits, an annuity, a gift, an inheritance, the sale or pledge of or interest in property, or any form of federal, state, or local public, food, or housing assistance or subsidy, including assistance from the Supplemental Nutrition Assistance Program (SNAP) and the Housing Choice Voucher Program or "Section 8" vouchers, whether such income is received directly or indirectly by the renter or purchaser and even if such income includes additional federal, state, or local requirements."

57. Defendants violated Broward County Human Rights Act, when they refused to accept the Section 8 Housing Choice Voucher when the voucher would have paid for the entire rental payment.

58. Defendants refused to accept ESTES as a tenant due to her receipt and need for a housing choice voucher, and the apartment was rented to a person who did not have a housing choice voucher.

59.   Further, as a direct and proximate result of Defendants' discrimination, Plaintiffs have suffered irreparable loss and injury, including, but not limited to, homelessness actual damages, humiliation, emotional distress, and deprivation of the right to equal housing opportunities regardless of disability.

**WHEREFORE**, , Plaintiffs, NICOLE ESTES and HOUSING OPPORTUNITIES PROJECT FOR EXCELLENCE, INC, respectfully prays that this Court grants the following relief against Defendants, TAPLIN FALLS LTD. d/b/a FALLS OF PEMBROKE AND LILIAN GIL, including entering a declaratory judgment, pursuant to Rule 57 of the Federal Rules of Civil Procedure, stating that Defendants' practices, policies and procedures have subjected Plaintiffs to discrimination in violation of the Broward County Human Rights Act and permanently enjoining the Defendants:

a.   That the Court declare that the actions of the Defendants violate the Broward County Human Rights Act by discriminating against persons based on legal source of income;

b.   That the Court enjoin Defendants from discriminating against Plaintiff and providing her a three-bedroom apartment for her and her two children;

c.   That the Court award appropriate injunctive relief to disclose the names of those who did not rent at the subject property due to the discriminatory acts of Defendants and provide appropriate relief to such victims of discrimination;

d.   That the Court declare that the Defendants' acts were willful and wanton and in reckless disregard of the Plaintiff's civil rights under law;

    e.  That the Court order Defendants to provide a notice to all current and prospective tenants of the subject property of their rights under the Broward County Human Rights Act;

    f.  That the Court require Defendants to train their officers and agents of their requirements under the Broward County Human Rights Act.

    g.  That the Court order that the Defendant instruct all of its employees, principals, agents, independent contractors and/or other persons who deal with the rental or management of any and all housing currently managed and/or controlled by Defendants or any parent or affiliated entity, of the terms of the Court's Order and the Fair Housing Act, and implementing regulations;

    h.  Find that Plaintiff is entitled to an award of attorneys' fees and costs, and reserve ruling as to the amounts and the applicable multiplier until the conclusion of the trial on this matter;

    i.  And grant any other such relief as this Court deems just and equitable

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial for all issues so triable.

Respectfully submitted this 23rd day of August 2021.

> By: */s/ Matthew W. Dietz*
> MATTHEW W. DIETZ, ESQ.
> Florida Bar No.: 0084905
> Disability Independence Group, Inc.
> 2990 Southwest 35th Avenue
> Miami, Florida 33133
> Tel: (305) 669-2822
> Fax: (305) 442-4181
> Mdietz@justDIGit.org
> aa@justdigit.org
>
> *Counsel for Plaintiff*

Disability Independence Group, Inc. * 2990 Southwest 35th Avenue * Miami, Florida 33133